## LILIANTHAL v. LEVY et al.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

AMENDED COMPLAINT—ANSWER—STIPULATION.

A stipulation that "the within original answer may stand as the answer to the amended complaint here" simply permits, but does not require, the answer to the original complaint to stand as answer to the amended complaint; and defendant may, as a matter of right, put in another answer.

Appeal from special term, New York county.

Action by Joseph Lilianthal against Moses S. Levy and another, administrators with the will annexed of Adolph Levy, deceased. From an order denying application for adjournment of motion to serve amended answer, and denying said motion, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Ira Leo Bamberger, for appellants.
Daniel P. Hays, for respondent.

VAN BRUNT, P. J. This action was brought to recover upon three promissory notes. The summons was served November 26, 1895. The complaint was served the 14th day of January, 1896; and on the 15th day of January, 1896, the defendants duly served their answer. On the 3d day of February, 1896, the plaintiff served an amended complaint; and on the 4th day of February, 1896, the following stipulation was indorsed on the answer to the original complaint, and signed by the attorneys for the plaintiff: "The within answer may stand as the answer to the amended complaint herein." On the 6th of February, 1896, defendants served on plaintiff's attorneys a demand for a bill of particulars. Plaintiff failing to serve a bill of particulars, defendants procured an order to show cause why the plaintiff should not be compelled to serve a bill of particulars, returnable February 25, 1896, which order to show cause contained a provision extending defendants' time to answer until 10 days after entry of order on this motion. Before this motion was argued, the plaintiff's attorney obtained, apparently without notice, from the justice who had granted the order to show cause, an order vacating the extension of time to serve answer to amended complaint. Thereupon, upon application of the defendants' attorneys, also ex parte, the said justice, on February 25, 1896, vacated the order granted by him setting aside the extension of time to answer. Upon the same day, the counsel for both parties attended before the justice, who thereupon again set aside the last-mentioned order, upon the ground that the defendants were bound by the stipulation "that the original answer served may stand as the answer to the amended complaint." The defendants, on the 2d day of March, 1896, upon an affidavit setting up the foregoing facts, and that defenses to the action had come to

their knowledge since the service of the amended complaint, obtained an order to show cause, returnable on the 3d day of March, 1896, why they should not have leave to serve an amended answer herein to the amended complaint, and be relieved from the stipulation that the "answer to the original complaint stand as the answer to the amended complaint." Upon the return day of this order, the parties agreed upon an adjournment, and plaintiff's attorney left to the defendants the matter of having the adjournment signed by the justice holding the court. Why this was necessary does not, however, appear. Upon the matter coming up, the justice refused the adjournment, and denied defendants' motion to amend their answer; and, from the order thereupon entered, this appeal is taken.

The justice who held that the defendants could not, as matter of right, serve an answer to the amended complaint, was clearly in error. The defendants were in no respect prevented from exercising this right by the stipulation. The stipulation indorsed upon the original answer appears to have been in these words: "The within original answer may stand as the answer to the amended complaint herein." In other words, they were not to be required to serve another answer. There was nothing to prevent them from so doing if they desired. They had a legal right to answer, which they had not waived. Their answer was not in any respect an amendment of the answer already served, but an original answer to an amended complaint. The stipulation was not that the answer to the original complaint should stand as the answer to the amended complaint, but that it might stand. Nothing more. It is true that in some instances, in the papers where the stipulation is spoken of, the word "may" is left out, but, when a copy is given, the word "may" appears as well as in the order vacating the order extending the time to answer, and we must determine the question upon this language. This erroneous view of the stipulation seems to have been the foundation of all the many errors committed in this proceeding. The defendants were not in need of any leave of the court to answer. They could have done so as a matter of right, and should have been permitted to do so.

The order appealed from should be reversed, with $10 costs and disbursements of this appeal, and the defendants be permitted to now serve an answer to the amended complaint, and they have $10 costs of such motion.

BARRETT, J. (concurring). I desire to add to what has been said by the presiding justice that, in my judgment, the refusal of the learned judge at special term to adjourn the motion upon the consent of both parties was arbitrary. The parties had a right to bring on their motion when they pleased, and the learned judge should not have forced the moving party to proceed in violation of his stipulation. There is no analogy on this head between the rules with regard to the trial calendars and the regulations as to the hearing and decision of motions.

There was a further irregularity in denying the motion when the moving party stood unopposed. Even if the moving party had not been present, and his adversary had remained in court to oppose, the utmost that could regularly have been done was to dismiss the motion. It could not properly have been denied. Where, however, the positions were reversed, the moving party was entitled to take his order, and certainly his motion should not have been denied.

I concur in the opinion of the presiding justice, because the respondent here has fully argued the question, and submitted the motion to us upon its merits.

RUMSEY, WILLIAMS, and PATTERSON, JJ., concur.